**Mary Ann RHEM, Plaintiff,**

v.

**MUNICIPAL COURT OF the CITY OF DES MOINES, POLK COUNTY, Iowa and Honorable Ray Harrison, Judge, Defendant.**

No. 54555.

Supreme Court of Iowa.

April 9, 1971.

Rehearing Denied June 14, 1971.

Jesse, LeTourneau & Johnston, Norman G. Jesse, Des Moines, for plaintiff.

John H. King, Asst. County Atty., for defendant.

STUART, Justice.

We granted a writ of certiorari to review the proceedings before respondent judge including his order adjudging petitioner

guilty of contempt and sentencing her to 90 days in the Polk County jail. This is one of the citations for contempt that arose out of a disturbance in the Des Moines Municipal Court after Charles Knox spit on Judge Brooks. For related cases see: Knox v. Municipal Court et al., No. 22/54564; Knox v. Honorable Ray Harrison, Judge, No. 23/54601; DePatten v. Honorable Ray Harrison, Judge, No. 19/54552; Green v. Honorable Ray Harrison, Judge, No. 20/54553, all filed as of the date of this opinion, 185 N.W.2d 705, 718, 720, 722.

Miss Rhem and several other friends of Knox were in the courtroom on November 5, 1970 when he was being tried on the charge of operating a motor vehicle while his license was under suspension. As it is not claimed the state's evidence did not support a judgment of contempt, we need not set out the evidence of petitioner's conduct.

I. Petitioner claims the court acted illegally and without jurisdiction by proceeding under criminal information which cannot confer jurisdiction under Chapter 665, Code 1966. There is no provision for proceeding by information under Chapter 665. We have given the information no consideration in these cases in discussing compliance with statutory requirements, although in Knox v. Municipal Court et al., supra, we did state that the information and arraignment satisfied the due process requirements of the federal constitution.

II. Petitioner claims respondent acted illegally in finding her guilty of contempt and sentencing her because no affidavit was filed or made a part of the record contrary to section 665.6, 1966 Code. This issue was raised and discussed in Knox v. Municipal Court et al., supra. We there determined an affidavit was not required under these circumstances. What was said there applies with equal force to the instant case. There is no merit in petitioner's second assigned error.

III. Petitioner claims the trial court acted illegally because respondent failed to hear evidence on her behalf and failed to give her a reasonable opportunity to make a written explanation of her conduct as required by section 665.7, Code 1966.

Four of the justices constituting a majority in the other contempt cases are of the opinion that she waived her right to make a written or oral explanation of her alleged misconduct in Judge Brooks' court room under the following circumstances.

On November 5, 1970 Mary Ann Rhem was brought before Judge Harrison and the verified charge of contempt for alleged contemptuous and insolent behavior earlier that day before Judge Brooks was read to her. She stated she did not want an attorney appointed. She rejected appointment of two lawyers suggested by Judge Harrison. Norman Jesse, an experienced and capable attorney, was then appointed to represent her. Hearing was set for 9 a. m. the next morning.

On November 6, 1970 the Rhem contempt trial was not reached until 11:15 a. m. Attorney Jesse and his client were present. The contempt charge was again read in open court. Mr. Jesse moved for a dismissal on the ground contempt was not a crime and no affidavit had been filed. He made no attack on the ground no notice to show cause had been given. He raised no issue before Judge Harrison that the provisions of Code section 665.7 had not been met.

Judge Harrison overruled the motions and Miss Rhem was tried on the contempt charge. The court bailiff and a deputy related the foul and obscene language directed at Judge Brooks and her assault upon the bailiff in open court. They were subjected to thorough and extensive cross-examination by Mr. Jesse.

At the close of the testimony of the two bailiffs Mr. Jesse made a motion to dismiss

on the ground of insufficient evidence. The motion was overruled and Miss Rhem was sentenced to serve 90 days in jail.

The four justices are of the opinion Miss Rhem and her attorney waived her right to file or give an explanation of her contemptuous conduct before Judge Brooks under applicable law on waiver set out in Knox v. Municipal Court, No. 22/54564, 185 N.W.2d 705, filed on this date. She was represented by counsel and was well aware she had a right to testify in her own behalf on the trial of the contempt charge.

The writer believes petitioner was deprived of the opportunity to present evidence and/or file an explanation of her conduct as required by section 665.7. The record does not disclose her conduct amounted to a waiver. There was no opportunity for counsel to object to this procedure prior to judgment and sentence. He should not be required to move that judgment be set aside in order to preserve this error.

MOORE, C. J., and MASON, LeGRAND and REES, JJ., would quash the writ.

STUART, RAWLINGS, BECKER and UHLENHOPP, JJ., would sustain the writ for different reasons. The action of the trial court is affirmed by operation of law and the writ is therefore annulled.

Writ annulled.

UHLENHOPP, RAWLINGS and BECKER, JJ., dissent.

UHLENHOPP, Justice (dissenting).

See dissenting opinion in No. 54564, Knox v. Municipal Court of City of Des Moines, 185 N.W.2d 705.

RAWLINGS and BECKER, JJ., join in this dissent.